64 F.3d 674
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Romulo R. DIZON, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 95-3205.
 United States Court of Appeals, Federal Circuit.
 July 27, 1995.
 
 Before NEWMAN, CLEVENGER, and RADER, Circuit Judges.
 ON MOTION
 ORDER
 RADER, Circuit Judge.
 
 
 1
 The Office of Personnel Management (OPM) moves for a summary affirmance of the Merit System Protection Board's decision holding that Romulo R. Dizon was not entitled to retirement benefits under the Civil Service Retirement Act (CSRA), 5 U.S.C. Sec. 8331 et seq. Dizon submits a document entitled "Informal Reply."
 
 
 2
 Dizon was employed by the Department of the Air Force at Clark Air Base, Philippines from 1947 until 1960 and from 1961 until 1985, when he retired. Subsequently, Dizon applied for retirement benefits under the CSRA. OPM denied Dizon's application, and he appealed OPM's denial to the Board. The Administrative Judge (AJ) determined that Dizon's service from 1947 until 1960 was creditable, covered service, and that Dizon had received a refund of his retirement deductions when he was separated by reduction in force in 1960. The AJ also determined that from 1961 until 1985, Dizon had served under a temporary appointment not to exceed one year and thereafter under an excepted, indefinite appointment, both of which were specifically excluded from CSRA coverage pursuant to 5 C.F.R. Sec. 831.201(a)(1) and (a)(13). The AJ concluded that Dizon had forfeited his right to an annuity based on his earlier service when he accepted the refund, 5 U.S.C. Sec. 8342(a), and that his later service was not subject to the CSRA. See 5 U.S.C. Sec. 8333(b); 5 U.S.C. Sec. 8347(g). Dizon petitioned this court for review.
 
 
 3
 This court recently considered one of the issues raised by Dizon. In Rosete v. Office of Personnel Management, 48 F.3d 514 (Fed. Cir. 1995), Rosete argued that an "indefinite" appointment, such as hers, was not encompassed by the language of the statute that excluded only "temporary or intermittent" appointments. We held that OPM's regulation interpreting "temporary" as including indefinite appointments was "both reasonable and of long standing." Rosete, 48 F.3d at 519 (Fed. Cir. 1995). Accordingly, we concluded that a federal retiree who had held an indefinite appointment in the excepted service did not have covered service within the meaning of the CSRA. Rosete, 48 F.3d at 520.
 
 
 4
 OPM argues that the Board's decision that Dizon was not entitled to retirement benefits should be summarily affirmed based on our holding in Rosete. Summary disposition of a case "is appropriate, inter alia, when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." Joshua v. United States, 17 F.3d 378, 380 (Fed. Cir. 1994). In the present case, Rosete is dispositive only in regard to the AJ's determination that Dizon's later service was not covered service within the meaning of the CSRA. From 1961 until 1985, Dizon served either under a Rosete-like indefinite appointment in the excepted service or under a temporary appointment that is specifically excluded from CSRA coverage by statute. See 5 U.S.C. Sec. 8347(g). Further, the Board found that there was no evidence that Dizon made contributions to the civil service retirement fund or that he was otherwise subject to the CSRA.
 
 
 5
 With regard to the AJ's determination that Dizon was not entitled to retirement benefits based on his earlier service because he had received a refund of his retirement contributions, we consider whether that determination may be summarily affirmed in accordance with our holding in Yarbrough v. Office of Personnel Management, 770 F.2d 1056 (Fed. Cir. 1985). In Yarbrough, we held that an employee's annuity rights were forfeited where the employee received a lump-sum payment of her retirement contributions and never was reemployed in the civil service after her separation. Yarbrough, 770 F.2d at 1060. Similarly, Dizon forfeited his annuity rights when he received a refund of his retirement contributions and was not reemployed in a position covered under the CSRA. Thus, Yarbrough is dispositive of the AJ's determination that Dizon was not eligible for retirement benefits on the basis of his earlier service.
 
 
 6
 In his reply, Dizon argues that Rosete was wrongly decided. However, we are bound by this court's holding in Rosete.
 
 
 7
 Accordingly,
 
 IT IS ORDERED THAT:
 
 8
 (1) OPM's motion for summary affirmance is granted.
 
 
 9
 (2) Each side shall bear its own costs.